Judge Underwood
delivered the opinion of the Court.
Hart was indicted for challenging J. Twiman to fight with deadly weapons, contrary to the Statute, &c. I Digest, 448. The charge in the indictment is, that Hart did on the 15th March, 1827, “write with his own hand, and subscribe with his own proper name, a challenge in the form of a letter, directed to said Joel Twiman, to fight a duel with him, the said Nathaniel Hart, with a rifle gun, a deadly weapon as aforesaid, which said challenge he, the said Nathaniel Hart, afterwards, to wit.; on the said 15th day of March, &c. did send and cause to be delivered,” &c.
The indictment has heretofore been sustained by this court, A trial took place upon the plea of not guilty; when, the circuit court, on motion of the defendant, excluded from the jury the letter written by Hart, and which he caused to be delivered to Twi-man, written wholly by himself as admitted. Whether the court erred or not, in excluding this letter, is the principal question. *
The court acted upon the opinion, that the contents of the letter did not amount to a challenge, within the meaning of the statute, and consequently did not conduce to support the charge contained in the indictment. The letter is addressed to J. Twiman, and bears date March 15th, 1827. It commences by acknowledging the receipt of a letter from Twiman, and then states the contents of that letter to be such, as he (Hart,) would calculate on receiving from such a puppy as he had always considered Joel Twiman to be. Hart’s letter then proceeds to upbraid Twiman, with relying upon information derived from a negro, in support of some charge (the nature of which is not stated,) against Hart, and pronounces such conduct proof that the negro, instead of a gentleman, was the companion of Twiman. After making various remarks, evincing ill feelings, Hart’s letter proceeds' thus: “If they (meaning the deer owned by/HartA *120 hove ever gone within your enclosures, it certainly proves, that they'did not know you as well as I did, they would not be seen in such company, if they bad that respect for themselves, which I have always endeavored to teach them to have. You appear anxious to be better acquainted with them, and that your riíle should produce an introduction; but least you' should behave as much like a blackguard to them as you have to me, by shooting them as a ruffian would do, I propose that you meet me with your rifle, this evening, precisely at 5 o’clock, at my pond on the Georgetown road, and I will try to introduce you to better company than I suspect you have lately been in. I will at least promise to wipe your hands, if not your face. I have thought proper to send this by my man Granville, knowing that he will be in company at least not better than himself,”
So'set phrase •-constitute*! 'ohal!e%e-to' with wea- or letter,sent by one party to ation,admi8si-Tbe^ur^s tia circumstan-be n* a*o h a 1-8 lenge within
*120 The letter of Harl evinces strong passion, and was obviously drawn faith the intent to insult and wound the feelings of Twiman'. Suppose him to have been sincere, in requesting Twiman to meet at the pond with his rifle; for what purpose were they to have met with such an instrument?1 Surely not tb settle a bil-ter quarrel by peaceable means? The letter does not say, that Hart’s object is to afford Twiman an opportunity to fight with the rifle, and to invite him to such a rencounter, in so many words; but we think the inference is very strong, that such was Hart’s design, and that the letter was drawn with the intention that Twiman should so understand it¿ Hart promises to fa wipe Twiman’s hands, if not his face.”
The precise nature of the indignity he intended to offer, we do not clearly understand from the language used-; but if it is to be taken literally, it is not to be presumed that Twiman would tamely submit to it. The inference which might be drawn irom this threat, coupled with the invitation to bring the rifle, is, that Hart designed thatTwimanshould fight witbit.- Atall events, we think it should have been left to (he jury, and that the evidence was improperly excluded.
We believe among duellists there are no set phrases used, in order to. constitute a challenge. It fiequent-happens that the note or letter, which is contdder-éd the challenge, (judging from* the correspondence *121 between duellists which we have occasionally seen published,) is respectful and politein its terms, ly requesting an interview, and that such should be given as is due from one gentleman to ■•other, with a reference to a friend to make the -rangements for-the meeting. Whether such.a note or letter amounts to a challenge, in writing, to fight with a deadly weapon or not, must be deeided by the jury, under a consideration of all the circumstances connected with the transaction, which the motives and objects of the parties. With a view to reach these, we think the parol testimony of Twi-man, which the court excluded, was proper for consideration of the jury. 'If Hart had that he meant and intended his letter as a challenge ■to fight with rifles, such declarations.might h a v-e ■ b e e n given in evidence against him. His conduct and declarations upon the ground, lai'd'the foundation for ierences, which should have been left to the jury.
The intention object of the duty of the court to t^tbaUntca* i¡on,
inviting to a’ meeting, th$" rnííts face it to b.e merei/emp’ty boast, and in ridicule of wínjcn addressed, they may acquit; the^deem'it in earnest,
*121 The legislature intended, by the act, to suppress the practice of duelling. A practice originating barbarous ages, under a superstitious notion tbat'God would give the triumph to him who fought in cause; and perpetuated by chivalrous spirits, imbued withjalse notions of honor. It is our duty to.give ef-feet £o the intentions of the legislature. Considering the statute, the mischief and the means which heretofore have usually been adopted, to bring thetparties together for the purpose of fighting with deadly weapons, we are of Opinion that any writing which, when connected with the circumstances of the quarrel, and conduct of the parties, shows an intention to invite or solicit a meeting or'interview, in order to'fight with deadly weapons, amounts to a challenge within the perview of the act; qnd that it is not necessary that the writing should expressly state, that a meeting is requested with a view to fight, and to describe the weapon which the parties are to use. If such particularity was required, before a writing could be pronounced a challenge to fight with deadly weapons, the statute would be a dead letter.'
The letter of Hart contains upon its face enough *0 show that, if it really was his intention to challenge Twiman to .a combat with rifles, it was a procedure *122 very .different from the ordinary course taken by du - eM>sts* There were no seconds provided; and it ie that one man should challenge another to 'tnoet him alone, and that they should, by themselves, end a dispute with rifles, and without any friends to prescribe rules, or to see that they were fairly exe-' cuted. Still, anger and desperation might drive a man to solicit such a fight. It is moreover strange, ^la(; Hart should consent to fight, upon such terms, a naan to whom in his letter he applies the epithets of puppy, blackguard, and companion for negroes. Un^er ^is vlew of the letter, the idea suggests itself, that the whole affair was no more than a bullying farce, intended to insult and ridicule Twiman, without any serious intention to challenge or to fight, Whether this was the design of Hart, or whether, in .good earnest, he intended and desired to fight with uifles, and challenged accordingly, belonged to the jury to determine. If they should b,e of opinion, that Hart’s design was merely to insult and ridicule, without any intention of challenging to a fight with deadly weapons, although such conduct merits no commendation, he may be acquitted; but if the jury should believe, under all the circumstances, that Hart intended to bring about a fight with rifles, between himself and Twiman, and forwarded the letter with a view thereby to obtain and bring on the meeting for that purpose, then ho has been guilty in the eye of the jaw, and they should find accordingly.
Denny, Attorney •General, for commonwealth; Hag-' gin, for defendant.
Judgment reversed, and cause remanded fora new trial.
Note — Judge Bijckker did not sit in this case.